1

2

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STEVEN WAYNE BONILLA,

Plaintiff,

v.

LINDA CLARK et. al.,

Defendants.

Case Nos.  25-cv-1060-PJH
25-cv-1061-PJH
25-cv-1062-PJH
25-cv-1063-PJH
25-cv-1064-PJH
25-cv-1186-PJH
25-cv-1187-PJH
25-cv-1231-PJH
25-cv-1233-PJH
25-cv-1235-PJH
25-cv-1439-PJH
25-cv-1440-PJH
25-cv-1461-PJH
25-cv-1721-PJH
25-cv-1978-PJH
25-cv-1981-PJH

**ORDER DISMISSING MULTIPLE
CASES WITH PREJUDICE**

United States District Court
Northern District of California

Plaintiff, a state prisoner, filed multiple pro se civil rights complaints under 42

U.S.C. § 1983.  Plaintiff is a condemned prisoner who also has a pending federal habeas

petition in this court with appointed counsel.  *See Bonilla v. Ayers*, Case No. 08-0471

YGR.  Plaintiff is also represented by counsel in state court habeas proceedings.  *See In

re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7.

Plaintiff presents nearly identical claims in these actions.  He names as

defendants various federal and state judges and other officials.  He seeks relief regarding

United States District Court
Northern District of California

1    his underlying conviction or how his other cases were handled by the state and federal

2    courts.

3         To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases,

4    he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is

5    "under imminent danger of serious physical injury" at the time he filed his complaint.  28

6    U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case

7    No. 13-0951 CW.

8         The allegations in these complaints do not show that plaintiff was in imminent

9    danger at the time of filing.  Therefore, he may not proceed IFP.  Moreover, even if an

10   IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512

11   U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S.

12   District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*,

13   828 F.2d 1385, 1393 (9th Cir. 1987).  Accordingly, the cases are dismissed with

14   prejudice.  The court notes that plaintiff has an extensive history of filing similar frivolous

15   cases.[1]

16        Furthermore, these are not cases in which the undersigned judge's impartiality

17   might be reasonably questioned due to the repetitive and frivolous nature of the filings.

18   *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate

19   reasons to recuse himself or herself, a judge has a duty to sit in judgment in all cases

20   assigned to that judge).[2]

21        The clerk shall terminate all pending motions and close these cases.  The clerk

22   shall return, without filing, any further documents plaintiff submits in these closed cases.

23

24

25

26   [1] The undersigned is the fourth judge assigned cases filed by plaintiff.  This is the 73rd
     order issued by the undersigned since April 30, 2020, pertaining to 1,064 different cases.
27   Plaintiff filed 962 other cases with the three other judges since 2011.
     [2] Plaintiff names the undersigned as a defendant in two of these cases, though presents
28   no specific allegations.  *See* Case Nos. 25-1235; 25-1439.  Plaintiff does not seek
     recusal, nor is recusal warranted considering the frivolous nature of the cases.

1    **IT IS SO ORDERED.**

2    Dated: February 28, 2025

3

4                                                      _/s/ Phyllis J. Hamilton_

5                                                      PHYLLIS J. HAMILTON
                                                      United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California